# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:05CR131** |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM** |
| **vs.** ) | **AND ORDER** |
| ) | |
| **PABLO REZA LANDIN,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 149) from the Magistrate Judge's order (Filing No. 146) denying the Defendant's motion to continue trial.

## FACTUAL BACKGROUND

On March 24, 2005, the Defendant was charged with five codefendants in an Indictment with conspiracy to distribute or possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. (Filing No. 1.) On March 30, 2005, Landin made his initial appearance, and Michael Levy was appointed as defense counsel. (Filing Nos. 16, 21.) On April 27, 2005, a conference was held pursuant to Federal Rule of Criminal Procedure 17.1. (Filing No. 49.) No pretrial motions were filed relating to trial evidence. On November 14, 2005, trial was scheduled for January 30, 2006. (Filing No. 120.) On December 3, 2005, Hugh Abrahamson entered his appearance as retained counsel. (Filing No. 129.) On December 5, Mr. Levy's motion to withdraw was granted, and on the same date he provided discovery materials to Mr. Abrahamson. (Filing Nos. 131, 132.) On January 10, 2006, Mr. Abrahamson moved to continue the trial date and provided a signed speedy trial affidavit. (Filing No. 145.) U.S. Magistrate Judge F.A.

Gossett denied the motion, noting that upon appointment counsel was or should have been aware that the case was specially set for January 30, 2006. Judge Gossett declined to continue trial based on counsel's statement that he might need more time to file pretrial motions. (Filing No. 146.) The Defendant appeals from this Order. (Filing No. 149.) Defense counsel also moves to stay Judge Gossett's order denying the requested continuance (Filing No. 149), and filed a brief in support of the appeal (Filing No. 149).[1]

## STANDARD

Defense counsel is mistaken that the standard of review in this Court is abuse of discretion. *See* Defendant's Brief in Support of Appeal, at 1.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

## DISCUSSION

A district court may in its discretion continue a trial, after considering the following factors:[2]

---

[1] Counsel is advised to file each document as a separate filing; otherwise, the electronic filing system's docket sheet does not reflect these filings and the motion tracking system does not reflect, in this case, the motion to stay.

[2] In his brief, defense counsel cites to factors considered in a case decided by the Seventh Circuit Court of Appeals. Defendant's Brief in Support of Appeal at 1.

>    (1) the nature of the case and whether the parties have been allowed adequate timing for trial preparation;
>    (2) the diligence of the party requesting the continuance;
>    (3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;
>    (4) the effect of the continuance and whether a delay will seriously disadvantage either party; and
>    (5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

*United States v. Issaghoolian*, 42 F.3d 1175, 1177-78 (8th Cir. 1994) (originating in the District of Nebraska).

In his brief in support of the appeal, defense counsel for the first time raises the matter of his throat surgery and the resulting increased workload on his Spanish-speaking partner, Mr. Downey. (Filing No. 149.) A document filed on December 13, 2005, in another case reflects that Mr. Abrahamson's throat surgery was on December 2, 2005. *United States v. Castro-Garzon,* No. 8:04CR302, Filing No. 202 (Brief). Mr. Abrahamson entered his appearance in this case one day following his surgery.

Considering the factors listed above, and the particular circumstances of this case, the Court does not conclude that Judge Gossett's decision exercising his discretion in denying the requested continuance is clearly erroneous or contrary to law. The Court finds that each factor weighs against the Defendant. Counsel was retained at a time when he certainly was aware of his recovery period following surgery and the effect on his office. No evidence has been presented indicating that Mr. Abrahamson has suffered undue complications as a result of the surgery. Counsel might need to hire an interpreter in light of the circumstances; a list of qualified interpreters is available from the Clerk of the Court

3

or the Federal Public Defender's Office.  Balancing the various factors, the Court finds that the interest of the Defendants[3] in a speedy trial and the special setting prevail over the reasons stated by defense counsel in support of the continuance and the appeal.

IT IS ORDERED:

1.    The Defendant's appeal from the Magistrate Judge's Order (Filing No. 149) is denied; and

2.    The Magistrate Judge's Order (Filing No. 146) denying the Defendant's motion to continue trial is affirmed.

DATED this 13th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[3] Three Defendants are proceeding to trial.