IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR131 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PABLO REZA LANDIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion for Severance of Prejudicial Joinder (Filing No. 210) and Motion to Continue Trial and for Oral Argument (Filing No. 215). The defendant filed briefs (Filing No. 211 and 216) in support of each of the motions. The government filed a brief (Filing No. 219) in opposition to the defendant's motions. The court finds oral argument is not necessary on these motions. **See** NECrimR 12.3(d)(1).

The defendant is charged in the indictment with five other defendants for conspiracy to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. Three of co-defendants, Jesus Padilla, Benjamin Sukup, and Mollie Moler have plead guilty. The remaining defendants Pablo Reza Landin, Raul Jimenez and Scott Freese (Freese) are scheduled for trial to commence on April 24, 2006.

## ANALYSIS

The defendant seeks to sever his trial from the trial of his co-defendants and to continue his trial. The defendant contends that he will be prejudiced when the jury learns the combined information that a co-defendant is an attorney and one of his own trial counsel is the subject of a recently publicized criminal investigation.

When joinder is proper under the Federal Rules of Criminal Procedure, the court retains the discretion to sever defendants for purposes of trial under Rule 14. **See United**

***States v. Ruiz***, 412 F.3d 871, 886 (8th Cir. 2005).[1]  Rule 14 of the Federal Rules of Criminal Procedure provides in part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Civ. P. 14(a).

There is a preference in the federal system for joint trials of defendants who are indicted together.  ***Zafiro v. United States***, 506 U.S. 534, 537 (1993); ***United States v. Noe***, 411 F.3d 878, 886-87 (8th Cir. 2005); ***Flores***, 362 F.3d at 1039.  Joint trials play a vital role in the criminal justice system.  ***Zafiro***, 506 U.S. at 537.  They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." ***Richardson v. Marsh***, 481 U.S. 200, 209-10 (1987).  The Eighth Circuit has held "it is rarely improper for co-conspirators to be tried together." ***United States v. Evans***, 285 F.3d 664, 670 (8th Cir. 2002); **see *Noe***, 411 F.3d at 886-87.  However, Fed. R. Crim. P. 14 reflects the recognition that joinder, even when proper under Rule 8(b), may prejudice a defendant.  Consequently, if it appears a defendant may be prejudiced by a joinder either of the defendants or the counts for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.  The ***Zafiro*** Court concluded:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.  For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.  When many defendants are tried together in a complex case and they have

---

[1] The defendant does not challenge joinder under Fed. R. Crim. P. 8.

> markedly different degrees of culpability, this risk of prejudice is heightened. . . . Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. **See *Bruton v. United States***, 391 U.S. 123 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. . . . The risk of prejudice will vary with the facts in each case. . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in ***Richardson v. Marsh***, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. **See** 481 U.S. at 211.

***Zafiro***, 506 U.S. at 539; **see also *United States v. Pou***, 953 F.2d 363, 368 (8th Cir. 1992). "Severance is not required simply because the evidence may have been more damaging against one [defendant] than the others. . . Severance does, however, become necessary where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." ***Noe***, 411 F.3d at 886 (internal quotations and citations omitted).

The defendant alleges that he will suffer prejudice if his trial is not severed from co-defendant Scott Freese.[2] Mr. Freese is an attorney who, it is alleged, conspired with others to distribute methamphetamine. Additionally, the defendant states one of his two attorneys, Shaun Downey, is currently the subject of a criminal investigation for sexual assault of a child, unrelated to the charges against the defendant. The defendant contends the fact of the investigation against Mr. Downey is likely to come up during voir dire. Accordingly, the defendant contends his association with two allegedly criminal attorneys will taint him in the eyes of a jury, that is a verdict against the defendant would likely be a judgment of guilt against Mr. Freese or Mr. Downey, or both.

The defendant's motion is based on juror confusion. A defendant may show prejudice requiring severance where "the jury will be unable to compartmentalize the evidence as it relates to separate defendants." ***United States v. Abfalter***, 340 F.3d 646, 652 (8th Cir. 2003) (citation omitted). In consideration of the jury's ability to

---

[2] The court notes a motion to sever filed by Mr. Freese was denied by this court on November 9, 2005. **See** Filing No. 117.

compartmentalize the evidence against the joint defendants, the court considers the complexity of the case. **Pherigo**, 327 F.3d at 693. It is not necessary to sever the defendants "when evidence which is admissible only against some defendants may be damaging to others or when there is varying strength in the evidence against each defendant." **United States v. Lee**, 374 F.3d 637, 646 (8th Cir. 2004) (internal citations omitted). The same principles would apply to the statements during voir dire, if any, about the defendant's trial counsel.

The defendant does not contend this case is unusually complex or that the evidence would make the facts difficult to compartmentalize. The defendant instead contends that he will be prejudiced by the mere fact of the occupation of a co-defendant and a criminal investigation against his own trial counsel. The defendant fails to show how such information would be prejudicial to the defendant. Further, the court finds that a cautionary instruction informing the jury to give separate consideration to the evidence about each individual defendant, or rather not to consider trial counsel's criminal investigation against the defendant, should be sufficient in this case. **See United States v. Ghant**, 339 F.3d 660, 666 (8th Cir. 2003); **see also Zafiro**, 506 U.S. at 539. Despite the different facts affecting the involvement on the part of each of the defendants in this case, the occupation of Freese and the current investigation against Mr. Downey, the court believes that the jury will be able to compartmentalize the relevant evidence against each of the defendants. **See United States v. Kuenstler**, 325 F.3d 1015, 1024 (8th Cir. 2003). Therefore, the court concludes the motion to sever should be denied based on the defendant's failure to show prejudice due to juror confusion. Because the motion to sever is denied and for the reason stated above, it is unnecessary to continue the defendant's trial. Upon consideration,

**IT IS ORDERED:**

1.  The defendant's Motion for Severance of Prejudicial Joinder (Filing No. 210) is denied.

2.  The defendant's Motion to Continue Trial and for Oral Argument (Filing No. 215) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 13th day of April, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge