IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR131 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| PABLO REZA LANDIN, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 203) issued by Magistrate Judge recommending denial of the motion to suppress filed by the Defendant, Pablo Reza Landin (Filing No. 185).  Landin filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 222, 223)[1] as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Landin is charged with several codefendants in a one-Count Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine.  He seeks an order suppressing evidence and statements obtained as a result of a March 29, 2005, search of his residence.

Following an evidentiary hearing, Magistrate Judge Thomas D. Thalken issued a Report and Recommendation in which he concluded: probable cause supported the issuance of the search warrant; even if probable cause did not exist, the *Leon* good-faith exception would apply; officers' pre-*Miranda* question to Landin upon entry into the house as to the presence of anything dangerous fell within the officer safety exception to the

---

[1]The statement of objections is captioned as an "appeal."

*Miranda* rule; Landin's statements made after advice of his *Miranda* rights were made after Landin waived his *Miranda* rights, and the statements were voluntary; and Landin's statements made while being transported to police headquarters were made after being advised of his *Miranda* rights and were volunteered. On the basis of these determinations, Judge Thalken recommended that Landin's motion be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the traffic stop, search, and arrest. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 200). The Court also carefully viewed the evidence (Filing No. 195). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge 's factual findings in their entirety.

## ANALYSIS

The Defendant objects to the following portions of Judge Thalken's Report and Recommendation: 1) probable cause supported issuance of the search warrant; 2) in the absence of probable cause, the *Leon* good-faith exception would apply; 3) officers' initial question asking if anything dangerous was in the residence fell within the public safety

exception to the *Miranda* rule; and 4) Landin was advised of his *Miranda* rights prior to being questioned.[2]  The objections are discussed below.

***Probable Cause - Search Warrant***

"To be valid, a search warrant must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, contraband, or a person for whose arrest there is probable cause may be found in the place to be searched." *Walden v. Carmack,* 156 F.3d 861, 870 (8th Cir. 1998).  "The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).  "'"Probable cause" to issue a search warrant exists when an affidavit sets forth sufficient facts to justify a prudent person in the belief that contraband will be found in a particular place.' . . . Courts should apply a common-sense approach and, considering all the relevant circumstances, determine whether probable cause exists." *United States v. Buchanan,* 167 F.3d 1207, 1211 (8th Cir. 1999) (quoting *United States v. Reivich,* 793 F.2d 957, 959 (8th Cir. 1986)).  The probable cause determination may only be made based on the information contained in the face of the affidavit.  *See United States v. Jacobs,* 986 F.2d 1231, 1234 (8th Cir. 1993).

---

[2]In the brief supporting the objections, the Defendant referred to additional issues for the first time, including the following: Judge Thalken improperly reviewed a search warrant that he signed; the information in the affidavit was stale.  These issues were not raised initially in the motion or at the evidentiary hearing, and therefore they have been waived.  Fed. R. Crim. P. 12(e).

Probable cause exists "when the facts and circumstances within an officer's knowledge are sufficiently trustworthy to warrant a person of reasonable caution to believe that a crime has been committed and that seizable property from that crime may be located at a particular place or on a person to be searched." *United States v. Gipp,* 147 F.3d 680, 687 (8th Cir. 1998). Probable cause may be established by the observations of trained law enforcement officers or by circumstantial evidence. *United States v. Searcy,* 181 F.3d 975, 981 (8th Cir. 1999); *United States v. Edmiston,* 46 F.3d 786, 789 (8th Cir. 1995).

Substantial deference is given to an issuing judge's determination of probable cause. That determination should be upheld "unless the issuing judge lacked a substantial basis for concluding that probable cause existed." *Edmiston,* 46 F.3d at 788.

Turning to Landin's case, the affidavit submitted in support of the search warrant application was authored by FBI Special Agent Michele Stevenson. While Agent Stevenson's area of expertise is white collar crime and public corruption, her FBI training included drug investigations. (Ex. 1, Attachment B, at 1.) The search was sought as part of an investigation into crimes including controlled substance and money laundering violations. Statements in the affidavit included those of other FBI agents as well as Nebraska State Patrol agents. (*Id.*, at 1-2.) The search warrant application followed prior interceptions of wire communications. (*Id.*, at 3.) Intercepted conversations included numerous incriminating calls placed or received by Landin. (*Id.*, at 8-10.) Surveillance corroborated numerous pieces of information learned from the calls. (*Id.*)

The Court agrees with Judge Thalken's analysis that a "plethora" of probable cause supported the issuance of the search warrant. The objection is denied.

4

### *Good-Faith Exception*

Assuming arguendo that probable cause did not support the issuance of the search warrant, upon reviewing the record, the Court concludes that officers acted in good reliance on the search warrant and, therefore, the *Leon* good faith exception to the exclusionary rule would apply. *United States v. Leon,* 468 U.S. 897, 922-23 (1984).

### *Public Safety Exception*

Upon entering the residence and placing Landin in custody, FBI Special Agent Beninato testified that before *Miranda* rights were administered he asked Landin if he had anything dangerous that would be harmful to the officers. Landin responded that there was a gun in the closet. (Tr. 6.) Landin seeks to suppress this responsive statement, arguing that it does not fall within the public safety exception to the requirement of *Miranda* warnings.

Judge Thalken relies heavily on *United States v. Williams,* 181 F.3d 945, 953 (8th Cir. 1999). In *Williams,* the investigating officer knew that Williams had previously been charged with unauthorized use of a weapon. After entering Williams's residence and arresting him, an officer asked Williams "'[i]s there anything we need to be aware of?" Williams said there was a gun in the closet. *Id.* at 948. On appeal, the government argued that this statement was properly admitted under the public safety exception to *Miranda*. The Eighth Circuit concluded:

> [W]e find that Williams' statement was admissible under the public safety exception to Miranda set forth by the Supreme Court in *New York v. Quarles,* 467 U.S. 649, 104 S. Ct. 2626, 81 L. Ed.2d 550 (1984). Under that exception, a suspect's answers to questions from a police officer are admissible in the absence of a Miranda warning so long as the questions asked of the suspect are "'reasonably prompted by a concern for the public

> safety.'" *United States v. Lawrence,* 952 F.2d 1034, 1036 (8th Cir.1992) (quoting *Quarles,* 467 U.S. at 656, 104 S. Ct. 2626). The Court believes public safety concerns were an issue in this case. . . . Therefore, the district court did not commit error by admitting Williams' statement identifying the location of the gun.

*Id.* at 953-54.

Similarly, in *United States v. Lawrence,* 952 F.2d 1034 (8th Cir. 1992), Lawrence volunteered that he had thrown a gun away while fleeing. The subsequent pre-*Miranda* question asking about the location of a gun was found to be "'reasonably prompted by a concern for the public safety'" and within the public safety exception. *Id.* at 1036.

Finally, in *United States v. Luker*, 395 F.3d 830 (8th Cir.), *cert. denied,* 126 S. Ct. 52 (2005), the Eighth Circuit found that officers' awareness of Luker's history of methamphetamine use and their concern about needles or substances associated with methamphetamine use in Luker's car justified their pre-*Miranda* questioning as to the contents of the vehicle under the public safety exception. *Id.* at 834.[3]

The Court finds all of these cases distinguishable from Landin's situation. In Landin's case, the affidavit offered in support of the search warrant application includes no references of dangerous weapons, any criminal history of Landin or any coconspirator, or any other allegation or fact that would lead officers to reasonably believe that dangerous weapons would be present. Additionally, firearms or other dangerous weapons were not

---

[3]*Luker* was decided over Judge Heaney's dissent. Judge Heaney opined that the officer's question asking whether anything would be found in the car that should not have been there was not reasonably prompted by a concern for public safety and therefore did not fall under the public safety exception. He reasoned that the only basis for officers' concerns about drug dealers and needles to which they testified were "unsupported assertions" such as Luker's involvement with drugs. *Id.* at 834 (Heaney, J., dissenting).

among the items sought in the search warrant. At the hearing, no evidence was adduced indicating that officers believed dangerous weapons, including guns, would be present. In short, SA Beninato's question to Landin asking whether he had anything dangerous that would be harmful to the officers was not, based on the evidentiary record, reasonably prompted by a concern for public safety.

For these reasons, the objection to the application of the public safety exception is granted, and Landin's pre-*Miranda* statement that a gun was in a closet will be suppressed.

**Miranda *Rights***

Landin argues that he was not advised of his *Miranda* rights before being questioned. This Court gives deference to Judge Thalken's finding that SA Beninato's testimony was more credible than Landin's. *United States v. Lockett,* 393 F.3d 834, 837-38 (8th Cir. 2005). SA Beninato testified: to his facility in the Spanish language; he advised Landin of his *Miranda* rights by reading him the federal advice of rights in the Spanish language; and Landin waived his rights and spoke with him.

For these reasons, the objection with respect to the advice of *Miranda* rights is denied.

## CONCLUSION

For the reasons discussed, the Defendant's objections are granted in that Landin's pre-*Miranda* statement as to the location of the firearm is suppressed. Otherwise, the objections are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 203) is adopted in part and overruled in part as follows:

    a. the Report and Recommendation is overruled insofar as its conclusion with respect to the application of the public safety exception to *Miranda*;

    b. otherwise, the Report and Recommendation is affirmed;

2. The statement of objections to the Report and Recommendation (Filing No. 222) is granted in part and denied in part as follows:

    a. the objection addressed to the application of the public safety exception to *Miranda* is granted;

    b. otherwise, the objections are denied;

3. The Defendant's motion to suppress (Filing No. 185) is granted in part and denied in part as follows:

    a. Landin's pre-*Miranda* statement in response to SA Beninato's question asking whether Landin had "anything dangerous that would be harmful to the officers" is suppressed; and

    b. otherwise, the motion is denied.

DATED this 18th day of April, 2006.

                                                        BY THE COURT:

                                                        s/Laurie Smith Camp
                                                        United States District Judge