IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR131** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **PABLO REZA LANDIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion to withdraw his guilty plea (Filing No. 405).

On April 24, 2006, the Defendant pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. (Filing No. 243.) His plea agreement included a provision under Federal Rule of Criminal Procedure 11(c)(1)(C) regarding the drug quantity and base offense level and a waiver of his right to appeal. On July 10, 2006, he was sentenced to 135 months imprisonment and 5 years supervised release. (Filing No. 310.) He filed a direct appeal. (Filing No. 304.) On October 4, 2006, the Eighth Circuit Court of Appeals granted the government's motion to dismiss the appeal. (Filing Nos. 334, 335.) The Defendant filed the motion to withdraw his guilty plea on October 28, 2008. (Filing No. 405.)

The Defendant argues that the United States Attorney and defense counsel both threatened him with 36 years imprisonment if he did not plead guilty, and that had defense counsel told him he could have challenged several aspects of his case that he would not have pleaded guilty. In short, he argues that he was coerced into pleading guilty.

The Eighth Circuit has stated that the court should view the following factors in deciding whether to withdraw a guilty plea: "whether the defendant has demonstrated a fair and just reason, whether the defendant has asserted his innocence, the length of time between the guilty plea and the motion to withdraw, and whether the government will be prejudiced." *United States v. Prior,* 107 F.3d 654, 657 (8th Cir. 1997).  A motion to withdraw a plea that is filed before sentencing is more liberally viewed than a post-sentencing motion. *Id.*

In this case, the motion was filed more than two years after sentencing.  The transcript of the change of plea hearing shows that the Defendant testified under oath that he: was fully satisfied with his counsel's advice (Tr. 5); understood the charges and penalties (Tr. 5-6); understood his sentence could be different from the sentence he and his lawyer expected (Tr. 6); read the Petition in Spanish, his native language (Tr. 9); voluntarily signed the Petition and Plea Agreement (Tr. 9, 14); stated that he was guilty (Tr. 10); stated that he was not forced by anyone to plead guilty or sign the plea agreement (Tr. 10, 14); swore under penalty of perjury that his answers in the Petition were truthful (Tr. 10); and understood and voluntarily waived his constitutional rights (Tr. 16, 17).

The Defendant's arguments are not supported by his testimony under oath at his plea hearing or by the plea documents.  Therefore, he has not satisfactorily shown a fair and just reason supporting withdrawal of the plea or his innocence of the charge.  A significant time period has elapsed since his plea and sentencing before he filed his motion.  Finally, the government could be prejudiced by having to relitigate this case that has been closed for more than two years.

IT IS ORDERED:

1. The Defendant's motion to withdraw his guilty plea (Filing No. 405) is denied; and

2. The Clerk is directed to mail a copy of this order to the Defendant at his last-known address.

DATED this 21st day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3